**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| TEXAN DOGS, LLC<br>    Plaintiff,<br><br>        vs.<br><br>MERRICK B. GARLAND, ATTORNEY GENERAL OF THE UNITED STATES, TRACY RENAUD, DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ALEJANDRO MAYORKAS, SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY, KATHY A. BARAN, DIRECTOR OF CALIFORNIA SERVICE CENTER, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, AND U.S. CITIZENSHIP AND IMMIGRATION SERVICES.<br><br>    Defendants. | Case No.: _____<br><br><br>Date: June 9, 2021 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PRELIMINARY STATEMENT**

1.      This action is brought against Defendants for declaratory judgment and review of an agency action under the Administrative Procedure Act (hereinafter "the APA") based on the Defendants' unlawful, arbitrary, and ultra vires denial of the I-129 non-immigrant petition for an alien worker filed by Texan Dogs, LLC (hereinafter "the Plaintiff") on behalf of Faiz Makani (hereinafter "the Beneficiary") to classify him as a multinational executive on the L-1 visa. *Exhibit A, receipt notice.*

2.      The L-1 visa category allows foreign nationals who have worked for a foreign company in a managerial or executive capacity to come to the United States to work for the same employer, or an affiliate or subsidiary thereof, in a managerial or executive capacity.

3.      On June 4, 2020, U.S. Citizenship and Immigration Services (hereinafter "USCIS") denied the visa petition filed by the Plaintiff on behalf of the Beneficiary, finding that the position offered to the Beneficiary in the United States would not support the Beneficiary in a primarily managerial or executive position within one year of approval as set out in 8 C.F.R. § 214.2(I)(3)(v). The USCIS's decision is attached hereto as *Exhibit B*.

4.      Specifically, USCIS concluded that Plaintiff offered "no explanation as to how the beneficiary will develop the business during the first year to assure that the business develops as necessary to support him in an executive capacity within one year." *Id.* at 4, ¶ 2. Furthermore, USCIS also concluded that "the beneficiary will likely be devoting the majority of his time to the day to day running of the business, and will not be performing primarily executive duties." *Id.* at 4, ¶ 3. As a result, USCIS concluded that Plaintiff's petition "does not contain sufficient information to indicate that [Plaintiff's] new office in the United States would be able to support an executive or managerial position in one year." *Id.* at 4, ¶ 4.

5.      USCIS's decision is arbitrary and capricious because statutes, case law, and USCIS's precedents clearly show that the Plaintiff has submitted sufficient information to meet its burden of proof, and USCIS ignored most, if not all of the evidence submitted by Plaintiff.

6.      Plaintiff seeks an order overturning the denial of the visa petition as arbitrary, capricious, and an abuse of discretion, and otherwise not in accordance with 5 U.S.C. § 706.

**JURISDICTION AND VENUE**

7.      This is a civil action brought under 5 U.S.C. § 702, 704 of the APA. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question subject matter jurisdiction). This Court also has authority to grant declaratory relief under 28 U.S.C. § 2201-02, and injunctive relief under 5 U.S.C. § 702. The United States waives sovereign immunity under 5 U.S.C. § 702.

8.      Venue is proper under 28 U.S.C. § 1391(e)(1)(C) as a civil action brought against officers and agencies of the United States in their official capacities in the district where the Plaintiff resides if no real property is involved in the action.

## PARTIES

9.      Plaintiff, Texan Dogs, LLC, is a limited liability company organized and existing pursuant to the laws of the State of Texas and has a principal place of business in Houston with an office address at 6117 Richmond Ave, Suite 250, Houston, TX 77057.

10.     Defendant Merrick B. Garland is the Attorney-General of the United States and he is sued in his official capacity. Attorney-General Garland's mailing address is 950 Pennsylvania Avenue, NW, Washington, DC 20530.

11.     Defendant USCIS is a component of the U.S. Department of Homeland Security (hereinafter "DHS"), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS adjudicates petitions for immigration benefits. USCIS denied the immigrant visa petition filed by the Plaintiff on behalf of the Beneficiary.

12.     Defendant Tracy Renaud is the Senior Official performing the duties of the Director of the USCIS. She has ultimate responsibility for the denial of the Plaintiff's petition and is sued in her official capacity. Director Renaud's mailing address is 20 Massachusetts Avenue, NW, Washington, DC 20529.

13.     Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security and is sued in his official capacity. DHS oversees USCIS. Secretary Mayorkas's mailing address is 650 Massachusetts Avenue, NW, Washington, DC 20001.

14.     Defendant Kathy A. Baran is the Director of the USCIS California Service Center and is sued in her official capacity. She leads the specific office within USCIS that denied the Plaintiff's immigrant worker petition on behalf of the Beneficiary. Director Baran's address is P.O. Box 30111 Laguna Niguel, CA 92607-0111.

## LEGAL FRAMEWORK

15.     A U.S. employer may file a non-immigrant petition for an alien for classification of an alien executive or manager under 8 U.S.C. § 1101(a)(15)(L) of the Immigration and Nationality Act ("INA").

16.     Pursuant to 8 C.F.R. § 204.5(j)(2), Executive capacity means an assignment within an organization in which the employee primarily:

(A)     Directs the management of the organization or a major component or function of the organization;

(B)     Establishes the goals and policies of the organization, component, or function;

(C)     Exercises wide latitude in discretionary decision making; and

(D)     Receives only general supervision or direction from higher levelexecutives, the board of directors, or stockholders of the organization.

17.     8 U.S.C. § 1101(a)(15)(L) provides for non-immigrant admissions:

> …an alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof

and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge…

8 U.S.C. § 1101(a)(15)(L)

18.     8 C.F.R. § 214.2(I)(1)(3)(v) allows the Beneficiary who comes to the United States as a manager or executive to open or to be employed in a new office in the United States.

## FACTUAL ALLEGATIONS

19.     On February 12, 2020, USCIS accepted a non-immigrant visa petition for an alien worker filed by the Plaintiff on behalf of the Beneficiary. *See Exhibit A*, Copy of Receipt Notice for I-129, Petition for Alien Worker. The petition sought to classify the Beneficiary as an executive pursuant to 8 U.S.C. § 1101(a)(15)(L) and 8 C.F.R. § 204.2(1).

20.     Plaintiff intends to develop and operate Wienerschnitzel franchises in the Houston, Texas area under the U.S. entity, Texan Dogs, LLC.

21.     Wienerschnitzel is the largest hot dog franchise in America with over 300 locations nationwide. Wienerschnitzel provides three core products, hot dogs, french-fries, and sandwiches.

22.     The Plaintiff and the foreign company are "affiliates" under the L-1 visa regulations since the foreign entity, ARK Logistics is the majority owner of the Plaintiff.

23.     The Plaintiff is 51% owned by ARK Logistics and 49% owned by ZAAS Investments, LLC.

24.     The Beneficiary, Mr. Faiz Ravish Makani was employed by ARK Logistics in Mumbai, India from August 2017 to July 2019. In his position as Distribution Head Manager, he was required to handle both supervision and direction of various employees, as well as to provide guidance and set appropriate procedures.

25.     In support of the I-129, Immigrant Petition for Alien Worker, the Plaintiff initially submitted various documents, uncontroverted by Defendants, as evidence that the new office and proposed staff will support the Beneficiary in a primarily managerial or executive position within one year of approval of the petition.

26.     On February 24, 2020, USCIS issued a Request for Evidence ("RFE") on the instant immigrant visa petition. The RFE is attached hereto as *Exhibit C.* In the RFE, USCIS requested Plaintiff to provide additional documentation the establish that the new office will support the Beneficiary in a primarily managerial or executive position within one year. *Id.* Subsequently, Plaintiff submitted the following:

- A letter of support from the Petitioner;

- Job duties for all employees;

- Organizational chart;

- Daily schedule;

- Financial documents regarding the same franchise with a related entity;

- Current bank statements from the Petitioner;

- Proof of deposits and schedule from the foreign entity;

- Business plan, lease, and franchise agreement;

- Minutes from foreign entity meeting on November 24, 2019; and

- Most recent tax returns, bank statements, and invoices of the foreign entity.

27.     On June 4, 2020, USCIS issued a decision denying the Plaintiff's petition. *Exhibit B.* In the decision, USCIS erroneously concluded that the new office will not support the Beneficiary in a primarily managerial or executive position within one year of approval of the petition and that the Beneficiary will not be performing primarily executive duties.

28.     Specifically, USCIS concluded the Plaintiff did not provide sufficient evidence to establish that the intended United States operation will support an executive position within one year. *Exhibit B* at 4, ¶ 4.  USCIS also found that Plaintiff did not establish how "the staff [Plaintiff] intends to hire will alleviate the beneficiary from performing non-qualifying duties on a day-to-day basis." *Id.* at 3, ¶ 3. USCIS also concluded that Plaintiff provided a very general description of the Beneficiary's proposed duties as CEO of the new office and these duties "provide little insight into the nature of the beneficiary's expected executive tasks." *Id.* at 4, ¶ 2. Moreover, USCIS also alleged that Plaintiff's explanation of the proposed business lacked sufficient detail, "[t]herefore, the evidence does not support a finding that [Plaintiff's] new business will be able to support an executive or managerial position one year from the approval of the petition." *Id.* at 4, ¶ 4.

29.     On August 6, 2020, Plaintiff filed a Notice of Appeal. The Administrative Appeal Office (AAO) subsequently issued a non-precedent decision denying Plaintiff's petition. In its decision, the AAO held that "the Petitioner has repeatedly described the Beneficiary's proposed position in very broad terms, noting his oversight of all aspects of the operation." The AAO's decision is attached hereto as *Exhibit D.* The AAO ignored the hourly schedule and the description of job duties and held "thus, while several of the duties described by the Petitioner would generally fall under the definition of executive capacity, the lack of specificity raises questions as to the Beneficiary's actual proposed responsibilities. Overall, the position description alone is insufficient to establish that the Beneficiary's duties would be primarily in an executive capacity, particularly in the case of a new office…" *Id.* at 4, ¶ 5. The AAO also stated that "the Petitioner's business plan does not show how it will support the Beneficiary in an executive position within one year of the petitions approval." *Id.* at 6, ¶ 3. The AAO also concluded that the Petitioner's

staffing level is not sufficient and stated the Petitioner did not provide a specific hiring timeline for its proposed staff. "Overall, the vague job description provided for the Beneficiary, considered in light of the Petitioner's business and hiring plans for the first year of operations, prohibits a determination that the Petitioner could realistically support a managerial or executive position within one year." *Id.* at 7, ¶ 3.

30.     USCIS's decision is arbitrary and capricious, as it fails to accord proper deference to existing precedent, statutes, and regulations.

## CAUSE OF ACTION

### Violation of the Administrative Procedure Act

31.     Plaintiff hereby re-alleges and incorporates by reference herein all of the allegations set forth above.

32.     Pursuant to the APA, 5 U.S.C. § 706(2)(a), the Court has the authority to set aside an agency decision found to be "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity, [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."

33.     An agency is considered to have abused its discretion when it fails to "articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 43 (1983).

34.     Consequently, a decision rendered by an agency that "'failed to consider an important aspect of the problem' or has 'offered an explanation of the evidence that runs counter to the evidence before [it]'" has violated the APA. *People of the State of Cal. v. F.C.C,* 39 F.3d 919, 925 (9th Cir. 1994).

35.     Firstly, USCIS's decision to deny Plaintiff's petition is arbitrary and capricious because it completely disregards specific evidence and concluds that "[Plaintiff] provided a very general description of the beneficiary's proposed duties as CEO of the new office." *Exhibit B* at 4, ¶ 2.

36.     USCIS ignored and did not consider the supporting evidence. USCIS concluded that "no explanation is provided as to how the beneficiary will develop the business during the first year to assure that the business develops as necessary to support him in an executive capacity within one year[.]" *Exhibit B* at 4, ¶ 2. However, the Petitioner had submitted a comprehensive business plan, detailed job duties with hourly break downs, and documents regarding the franchise with a related entity that offered a realistic case study for USCIS to compare. Please see attached *Exhibit E* for the detailed job duties and *Exhibit F* for the comprehensive business plan and the U.S. entity's proposed organizational chart. USCIS ignored the supporting evidence and erroneously concluded that the "evidence [Plaintiff] submitted is insufficient." *Id.* at 3, ¶ 3.

37.     Further, USCIS and AAO both asserted that the description of the duties of the Beneficiary's position is general and does not allow a determination of what the Beneficiary does on a daily basis.

38.     The description of the Beneficiary cannot plausibly be described as "general."

39.     In response to the RFE, the Plaintiff submitted an extremely detailed description of the job duties, including the percentage of time as well as an hourly break down, which USCIS failed to mention in the denial. *Exhibit E.*

40.     In denying the petition, USCIS rejected most if not all of the evidence setting forth the regulatory criteria by which Plaintiff's position qualifies as an executive position.

41.     The denial of Plaintiff's petition was arbitrary and capricious, as it was not supported by the evidence on the record and should be reversed as a violation of 5 U.S.C. § 706.

42.     Secondly, in its denial, USCIS stated that "[Plaintiff] did not provide sufficient information as to how these employees will perform the functions so that the beneficiary is relieved from performing non-qualifying duties." *Exhibit B* at 4, ¶ 3.

43.     Agreeing with USCIS, the AAO, in denying the Plaintiff's petition, stated, "[t]he Petitioner did not, however, offer more detailed information clarifying when and how it planned to take steps toward the expansion or establish that its staffing plan would be sufficient to meet the business needs of a hot dog franchise." *Exhibit D* at *6*, ¶ 2.

44.     Pursuant to § 1101(a)(44)(C), USCIS cannot rely upon staffing level "in determining whether an individual is acting in a managerial or executive capacity" without considering the "reasonable needs of the organization … in light of [its] overall purpose and stage of development." *See Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063, 1070 (9th Cir. 2008). USCIS and the AAO did not take into account the reasonable needs of the organization, in light of the overall purpose and stage of development of the organization. Section 101(a)(44)(C) of the INA.

45.     The decisions above ignored the financial statements from an identical franchise, full business plan, evidence of investment from the foreign entity. The record reflects that from a financial perspective the Petitioner is more likely than not to be profitable and will support an executive within one year of filing. This includes the filing of a comprehensive business plan detailing five years of cash flow projections, the U.S. entity's proposed organizational chart (*Exhibit F*), and an identical franchise comparison with Buns and Dogs, LLC.

46.     Yet, USCIS gave that evidence little to no weight, preferring to focus on the staffing level and financial ability.

47.     After all, in denying Plaintiff's immigration petition, USCIS and the AAO failed to consider and weigh evidence in context and as a whole as required under agency precedent. *See Matter of Z-A-,* Adopted Decision 2016-02 at *4 (AAO April 14, 2016) (when determining whether a beneficiary's job will be primarily managerial, USCIS "must" consider" the totality of the record and weigh all relevant factors").

48.     As outlined above, Defendants did not consider Plaintiff's petition in its totality. Instead, Defendants focused only on the staffing level and as well as current bank account information in denying Plaintiff's petition. Defendants' denial of the Plaintiff's visa petition constitutes final agency action that is arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

## EXHAUSTION

49.     The Defendants' denial of the Plaintiff's immigrant visa petition constitutes a final agency action under the APA, 5 U.S.C. § 704. Neither the Act nor DHS regulations at 8 C.F.R. § 103.3(a) require administrative appeal of the denial.

50.     Under 5 U.S.C. § 702, 704, Plaintiff has suffered a "legal wrong" and has been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

## REQUEST FOR RELIEF

The Plaintiff requests that this Court grant the following relief:

1.     Declare the Defendants' denial of the Plaintiff's immigrant visa petition is unlawful;

2.      Vacate the denial and order the Defendants to promptly approve the Plaintiff's immigrant visa petition;

3.      Award the Plaintiff its attorney's fees and costs in this action; and

4.      Grant any other relief that this Court may deem proper.

Respectfully submitted,

**WONG FLEMING**

Dated June 9, 2021                           By:   */s/ C. Jeff Leung*
                                             Tariq A. Zafar
                                             Texas Bar No.:  24038048
                                             Federal Bar No.: 2636770
                                             tzafar@wongfleming.com
                                             C. Jeffrey Leung
                                             Texas Bar No.: 24115829
                                             Federal Bar No.: 3633964
                                             Email:  jleung@wongfleming.com
                                             77 Sugar Creek Center Blvd.,
                                             Suite 401
                                             Sugar Land, Texas 77478
                                             Tel. (281) 340-2074
                                             Fax. (866) 240-0629
                                             Attorneys-in-charge