# Exhibit B

June 4, 2020

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92677-0590



U.S. Citizenship
and Immigration
Services

TEXAN DOGS LLC
c/o WONG FLEMING PC
77 SUGAR CREEK CENTER BLVD STE 401
SUGAR LAND, TX 77478



WAC2011251543

Form I-129, Petition for a Nonimmigrant Worker

## DECISION

You filed Form I-129, Petition for a Nonimmigrant Worker on behalf of FAIZ MAKANI, (beneficiary) on February 12, 2020, in order to classify the beneficiary as an intracompany transferee with a concurrent request for consulate notification.

Your organization, TEXAN DOGS LLC, seeks to employ the beneficiary as Chief Executive Officer.

The Immigration and Nationality Act (INA) 101(a)(15)(L) and its implementing regulation at Title 8, Code of Federal Regulations (8 CFR) 214.2(l) provide the definition of an intracompany transferee. Specifically, INA 101(a)(15)(L) states:

> . . . an alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge . . .

### EXECUTIVE OR MANAGER POSITION WITHIN ONE YEAR

The only issue to be addressed is whether the new office will support the beneficiary in a primarily managerial or executive position within one year of approval of the petition.

8 CFR 214.2(l)(3)(v) states, in part, that if a petition indicates that the beneficiary is coming to the United States as a manager or executive to open or to be employed in a <u>new office</u> in the United States, the petitioner shall submit evidence that:

> (C) The intended United States operation, **within one year of the approval** of the petition, **will support an executive or managerial position** as defined in paragraphs (l)(1)(ii)(B) or (C) of this section, supported by information regarding: (Emphasis added)
>
> (1) The proposed nature of the office describing the scope of the entity, its organizational structure, and its financial goals;



  (2) The size of the United States investment and the financial ability of the foreign entity to remunerate the beneficiary and to commence doing business in the United States; and

  (3) The organizational structure of the foreign entity.

INA 101(a)(44)(A) and 8 CFR 214.2(l)(ii)(B) provide the definition for managerial capacity. Specifically, INA 101(a)(44)(A) states

> The term 'managerial capacity' means an assignment within an organization in which the employee primarily-
>
>  i. manages the organization, or a department, subdivision, function, or component of the organization;
>
>  ii. supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;
>
>  iii. if another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization, or if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and
>
>  iv. exercises discretion over the day-to-day operations of the activity or function for which the employee has authority. A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's supervisory duties unless the employees supervised are professional.

INA 101(a)(44)(B) and 8 CFR 214.2(l)(ii)(C) provide:

> The term 'executive capacity' means an assignment within an organization in which the employee primarily-
>
>  i. directs the management of the organization or a major component or function of the organization;
>
>  ii. establishes the goals and policies of the organization, component, or function;
>
>  iii. exercises wide latitude in discretionary decision-making; and
>
>  iv. receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

The definitions of executive and managerial capacity have two parts. First, you must show that the beneficiary will perform the level responsibilities that are specified in the definitions. Second, you must provide supporting documentation to show that the beneficiary will primarily perform these specified responsibilities at the end of one year and will not spend a majority of his or her time on day-to-day functions. An employee who primarily performs the tasks necessary to produce a product

or provide services is not considered to be employed in a primarily managerial or executive capacity. Hence, stating that the beneficiary will manage the proposed new business does not necessarily establish eligibility for classification as an intracompany transferee in a managerial or executive capacity within the meaning of INA sections 101(a)(44)(A) and (B).

Upon initial filing, you described the duties of the proposed U.S. position, in part, as follows:

- Provide timely reports to ARK Logistics and Texan Dogs, LLC stockholders of business operations and profitability in the United States to keep all apprised 20%
- Overse efficient operation of the restaurant and set financial goals in consultation with CFO 10%
- Determine, along with CFO and Construction Manager, the future locations of new restaurants 10 %
- Oversee all financial measurements (ex: deb/equity ratio, etc.) of TexanDogs, LLC. 10%
- Managing the organization and oversee all departments from development to shift leaders 20%
- Oversee personnel decisions (hiring, firing, coaching, etc.) and recruitment of new staff/crew members and managers/developers 10%
- Oversee day-to-day operations of the restaurant along with community outreach and public relations 20%

Subsequent to the filing of the petition, USCIS requested that you provide additional documentation to establish that the new office will support the beneficiary in a primarily managerial or executive position within one year USCIS informed you at that time that the evidence was insufficient because:



> The evidence your organization submitted is insufficient. You indicate that you intend to operate a hotdog franchise. You submitted a letter of support, business plan that includes an organizational chart, and a feasibility study discussing plans to establish a new office in the United States. However, you have not provided sufficient evidence to establish that the intended United States operation will support an executive position within one year. Specifically, you indicate that you intend to hire sixteen individuals in your first year of operation. However, you have not established how the staff you intend to hire will alleviate the beneficiary from performing non-qualifying duties on a day-to-day basis. Without additional evidence or description, you have not established that the U.S. entity will have an organizational structure sufficient to elevate the beneficiary to level of executive within one year.
>
> Further, you estimate the total operating expenses will be $366,000 for the first year but you have only invested $51,000. You also claim that you will have total sales of $577,200 in one year but you have not demonstrated how you will reach that amount in sales. It does not appear that you have the financial capability to support the position in one year.

USCIS provided a list of suggested evidence you could submit to meet this requirement and advised you that any other evidence could also be submitted if you believed it would satisfy the request.

On May 21, 2020, you responded to that request. In response, you submitted the following documentation:

- A letter of support from petitioner;
- Job duties for all employees;
- organizational chart;
- Financial documents regarding some franchise with related entity;
- Current bank statements from petitioner;

- Proof of deposits and injection schedule from foreign entity;
- Business Plan, lease and franchise agreement;
- Minutes from foreign entity meeting on November 24, 2019; and
- Most recent tax returns, bank statement, and invoices of foreign entity.

USCIS will first look to the proposed nature of the office, the scope of the entity, its organizational structure, and its financial goals.

You provided a very general description of the beneficiary's proposed duties as CEO of the new office. These duties provide little insight into the nature of the beneficiary's expected executive tasks. No explanation is provided as to how the beneficiary will develop the business during the first year to assure that the business develops as necessary to support him in an executive capacity within one year.

Moreover, based on the evidence provided, within one year of petition approval, the beneficiary will likely be devoting the majority of his time to the day to day running of the business, and will not be performing primarily executive duties. Although you submitted job duties for two employees that you hired. You did not provide sufficient information as to how these employees will perform the function so that the beneficiary is relieved from performing non-qualifying duties.

The record, as it stands, does not contain sufficient information to indicate that your new office in the United States would be able to support an executive or managerial position in one year. USCIS is mindful that this is a start-up company and that the office may expand in different directions once organized, however, your explanation of the proposed business lacked sufficient detail. Therefore, the evidence does not support a finding that your new U.S. business will be able to support an executive or managerial position one year from the approval of the petition.

The burden of proof to establish eligibility for the benefit request rests with you. Here, that burden has not been met.

Consequently, the petition is denied for the above stated reason.

If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if by mail) of the date of this decision. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at http://www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

Sincerely,

*Kathy A. Baran*

Kathy A. Baran
Director, California Service Center

Director, California Service Center